UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIMBERLY KARDASHIAN WEST,

                Plaintiff,

    -against-

MEDIATAKEOUT.COM LLC and FRED
MWANGAGUHUNGA,

                Defendants.

------------------------------------------------------------X

Case No. 16-CV-7929

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Kimberly Kardashian West ("Plaintiff" or "Kardashian"), by and through her attorneys, Lavely & Singer Professional Corporation, for her Complaint against Defendants MediaTakeOut.Com LLC ("MTO") and Fred Mwangaguhunga ("Mwangaguhunga") (together with MTO, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. After having been the victim of a horrific and traumatic armed robbery in France, Kim Kardashian returned to the United States only to again be victimized, but this time by an online gossip tabloid that published a series of articles in early October 2016 referring to her a liar and thief (the "Articles"). MTO and its owner Mwangaguhunga published several Articles on their website *MediaTakeOut.com* (the "Website"), in which they claimed, without any factual support whatsoever, that Kardashian faked the robbery, lied about the violent assault, and then filed a fraudulent claim with her insurance company to bilk her carrier out of millions of dollars. Defendants' malicious publication of the Articles, which paint the victim of a serious crime as a criminal herself, is libelous *per se*.

2. Defendants published the Articles under patently false and misleading headlines stating, in no uncertain terms, that Kardashian "staged" a robbery and committed a "federal crime" by engaging in insurance fraud. The Articles themselves are fraught with unsupported allegations and fail to identify or cite to any credible sources to back up the wild claims asserted therein. Defendants' reckless and malicious publication of the Articles was calculated to cause maximum harm to Kardashian.

3. Notwithstanding the substantial damage Defendants caused by publishing the Articles, Defendants ignored Kardashian's demand that the Website publish a retraction and apology for calling her a liar and a criminal.

4. Defendants' publication of the Articles could not be more reckless, or malicious, in light of the actual facts. On October 3, 2016, Kardashian was the victim of a violent armed robbery in Paris, France. Kardashian was assaulted and robbed by two masked men, who placed a gun to her head, duct-taped her hands, legs and mouth, and then left her lying helplessly on the bathroom floor of her rented apartment while the thieves absconded with millions of dollars in jewelry. As if that ordeal were not awful enough, Defendants made it worse by publishing on the Website, only hours after the assault, that Kardashian faked the robbery and then committed insurance fraud by filing a false claim with her carrier.

5. Defendants have no credible or reliable sources for the outrageous claims included in the Articles. The only potential sources with actual knowledge of what happened to Kardashian on October 3, 2016 are (i) Kardashian herself, (ii) the concierge at the apartment building, who also was assaulted at gunpoint and handcuffed, and (iii) the assailants themselves. Because Defendants do not purport to have received their information from any of these sources, they have no legitimate basis for questioning the veracity of Kardashian's ordeal, much less

accusing Kardashian of criminal conduct.  Defendants do not and cannot support any of their false and defamatory headlines with actual facts.  The Articles are comprised of a series of baseless allegations and misstatements of what actually occurred during the robbery.  It is evident from the Articles that Defendants had no credible sources.

6.      Defendants have acted with constitutional malice, given that they knew the Articles were permeated with material and substantial falsehoods, and further relied on dubious anonymous sources and/or sources that have no credibility whatsoever.  Defendants were reckless in disregarding the truth and purposefully avoided learning the true facts in an effort to commercially exploit Kardashian's valuable image for advertising or trade purposes (*i.e.* to drive Website traffic).  Defendants must face the consequences for publishing this defamatory fiction and trying to profit off of Kardashian's name.

## THE PARTIES

7.      Kardashian is, and at all times relevant hereto has been, a resident of the County of Los Angeles, State of California.

8.      Kardashian is informed and believes that MTO is, and at all times relevant hereto was, a duly formed and existing New York limited liability company with its principal place of business at 130 Church Street, Suite 267, New York, New York 10007.  Kardashian is informed and believes and based thereon alleges that MTO owns and operates the Website, and is responsible for the content appearing on the Website.

9.      Kardashian is informed and believes that Mwangaguhunga is, and at all times relevant hereto was, a resident of the State of New York.  Kardashian is informed and believes that Mwangaguhunga is the owner and principal of MTO.

10. Kardashian is informed and believes and based thereon alleges that MTO is a mere shell only and has no existence separate and apart from Mwangaguhunga. At all times mentioned herein there existed a unity of interest and ownership between Mwangaguhunga and his company MTO such that any individuality and separateness between Mwangaguhunga, on the one hand, and MTO, on the other hand, has ceased, and MTO is the alter ego of Mwangaguhunga. Accordingly, Mwangaguhunga is individually liable for all debts and obligations of MTO.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to Kardashian's claims arose in this district.

## FACTUAL ALLEGATIONS

13. The Articles at issue in this lawsuit are described as follows:

   a. On or around October 3, 2016, only hours after Kardashian had suffered through the trauma and indignity of being robbed and assaulted in Paris, Defendants published an article on the Website with the following false headline: **"New Evidence Suggests . . . Kim Kardashian 'STAGED' The Robbery . . . Just Like RYAN LOCHTE!! (Here Are The FACTS) #KimRobbery."** The article purports to describe numerous alleged "discrepancies" in Kardashian's account of the robbery and claims that Kardashian staged the robbery in an effort to increase the ratings of her family's television shows. However, while the headline suggests that there is actual "evidence" giving rise to such purported discrepancies, the article actually

admits that its only purported sources are "**people on social media, who are digesting the facts that have been disclosed.**" Based on these unidentified and clearly uninformed "people on social media," in reckless fashion, the article reaches the baseless conclusion that Kardashian "**STAGED THE ENTIRE ROBBERY.**"

        b.     On October 4, 2016, Defendants published an article on the Website with the following false headline: **"French Authorities SUSPECT Kim Kardashian Of 'LYING'. . . Suspect That She Is The One . . . Who 'LET THE ROBBERS IN'!!!"** Without citing to any actual evidence, the article also falsely states: "**Kim Kardashian's robbery tale is beginning to fall apart, and the French authorities are already suspecting that Kim may have STAGED the entire robbery.**" Notably, however, Defendants do not—because they cannot—identify or describe which alleged "French authorities" are supposedly suspicious of Kardashian. Instead, the article merely concludes with the false and outrageous claim: "**the Kardashian shenanigans are about to be EXPOSED for the world to see.**"

        c.     On or around October 6, 2016, Defendants published the defamatory headline: "**Kim Kardashian Just Filed An INSURANCE CLAIM . . . For $5.6 MILLION!! (If She Faked The Robbery. . . She Just Committed a FEDERAL CRIME).**" There is no substance to this article—just a defamatory headline. Obviously, when viewed in the context of the other Articles—which directly accuse Kardashian of faking the robbery and lying to the French authorities—a reasonable person would understand this headline to imply that Kardashian has committed the federal crime of insurance fraud.

    14.     The headlines and other statements in the Articles about Kardashian are blatant defamatory lies. The Articles falsely, outrageously, and perversely state and/or imply that

5

Kardashian has lied about her traumatic robbery and committed insurance fraud and falsely make it appear as if Kardashian were culpable in criminal wrongdoing.

15. Despite requests from Kardashian, Defendants have failed and refused to remove the Articles from the Website. Likewise, Defendants ignored Kardashian's demand for a published retraction and apology.

## COUNT I
### LIBEL

16. Kardashian repeats and re-alleges the allegations set forth in Paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. The Articles are not privileged and are false and defamatory. Kardashian alleges on information and belief that the Articles were intended by Defendants to directly injure her with respect to her professional reputation, character, trade and business in New York and around the world.

18. The Articles were and are libelous *per se* because they falsely, maliciously and recklessly portray Kardashian as engaging in criminal conduct by (i) faking a robbery, and (ii) committing insurance fraud. The Articles are susceptible of a defamatory meaning on their face in that they have a direct tendency to injure Kardashian with respect to her reputation, character, trade and business.

19. Kardashian alleges on information and belief that at the time Defendants published the Articles, they knew that the Articles were false or had no reasonable grounds for believing them to be true. Kardashian is informed and believes and based thereon alleges that the Articles were disseminated recklessly and with actual malice, with the knowledge that they were false, or with a reckless disregard for the truth.

20. The Articles expose Kardashian to hatred, contempt, ridicule and obloquy, and/or cause her to be shunned or avoided and have a tendency to injure her in her occupation in New York and around the world.

21. Kardashian alleges on information and belief that Defendants published and disseminated the false Articles to third parties, including to members of the media based in New York and elsewhere, who were in a position to widely disseminate the false Articles via the print and electronic media in a manner that could foreseeably result in the Articles being further communicated to other innumerable third parties as well.

22. As a direct and proximate result of the above-described conduct by Defendants, Kardashian has suffered general and special damages in an amount not presently known to her but believed to be not less than the jurisdictional minimum of this Court, including damage to Kardashian's reputation and standing in the community, shame, mortification, hurt feelings, embarrassment, and humiliation.

23. Kardashian is informed and believes and based thereon alleges that the aforesaid acts of Defendants were done intentionally or with a conscious disregard of her rights, and with an intent to vex, injure or annoy her, such as to constitute oppression, fraud or malice, thus entitling her to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant and to deter such conduct in the future, which amount will be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Kardashian respectfully demands judgment in her favor as follows:

1. On the First Count, for general, special, punitive, and exemplary damages from Defendants, in an amount to be determined at the time of trial, but believed to be not less than the jurisdictional minimum of this Court, together with interest thereon at the maximum legal rate.

2. On the First Count, for recovery of reasonable attorneys' fees and costs in connection with this suit.

3. For such further and other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial in this action on all issues and claims triable to a jury.

Dated: Los Angeles, California
October 11, 2014

                LAVELY & SINGER
                PROFESSIONAL CORPORATION

By:     s/ ANDREW B. BRETTLER
       Andrew B. Brettler (AB2662)
       Martin D. Singer
          (*pro hac vice* application to be filed)
       David B. Jonelis
          (*pro hac vice* application to be filed)
       2049 Century Park East, Suite 2400
       Los Angeles, California 90067
       Telephone: (310) 556-3501
       Facsimile: (310) 556-3615
       Email: abrettler@lavelysinger.com

*Attorneys for Kimberly Kardashian West*